### REDD et al. v. WAREHIME.

No. 20703.     Oct. 10, 1933.

Rehearing Denied Oct. 31, 1933.

Robt. B. Keenan, for plaintiffs in error.

Glenn O. Young, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Creek county, Okla. Forrest E. Warehime, plaintiff, obtained a judgment in said court against Eugene Redd and Curtis Redd, defendants, for the sum of $589.15, from which judgment the defendants appealed, and the parties will be referred to in this opinion as they appeared in the court below.

The plaintiff's petition alleged the formation of a partnership between the plaintiff and defendants to engage in the radio business. alleged that he was to have a certain percentage of the net profits; alleged grounds for the dissolution of the partnership, and asked for an accounting for the amount due him. The defendants denied the existence of the partnership, but alleged that they employed the plaintiff to manage the radio department of their furniture business, that he was to receive a certain percentage of the net profits, that there had been no profits from said business, or at least, if there had been any profits, that the plaintiff had withdrawn from said business $239.50 more than he was entitled to, and was therefore

indebted to them in said amount, for which they sought judgment by way of cross-petition.

The transcript of the evidence introduced in this case is bulky, and, as far as the parties were able to give evidence, covered every phase of their relations.

The court rendered judgment, finding that there had been such a partnership, that the plaintiff was entitled to 50 per centum of the gross profits therefrom, that the partnership had been terminated, that the defendants were indebted to the plaintiff in the sum of $589.15, and ordered judgment for that amount and ordered the partnership dissolved.

We have carefully examined this record to determine whether or not there was a partnership in existence between these parties, and we have not been able to find any competent evidence to establish such a relationship. The evidence of the plaintiff and defendants upon this point is not in conflict, but the construction which the parties have attempted to place upon their agreements and relations are conflicting. After considering this evidence, we are of the opinion that there was no partnership. We find no evidence of a set of facts such as are contemplated by sections 11638-11650, O. S. 1931 (sections 8117-8127, C. O. S. 1921). A majority of the elements mentioned in 47 C. J. 658-825, are entirely missing.

This case was tried to the court below without a jury, and in our opinion the evidence presented to the trial court showed nothing more existing between the plaintiff and defendants than a relationship of employee and employers, with the compensation for the plaintiff, or the employee, to be calculated upon a certain contingent or commission basis. The plaintiff testified that he was to be paid 50 per centum of the difference between the cost price of the radios and the selling price, but that in estimating the cost price there should be added to the wholesale charge the cost of shipment and other incidental charges necessary to placing the merchandise in readiness for sale and delivery; and he specifically denied that he was to pay for or pay any part of the overhead expense of the operations of the business, such as rent, lights, telephone, office help, or equipment, or that he was to assume any responsibility for the collections on the merchandise sold, or that he should be interested in the carrying charges added to the list price when goods were sold on the installment plan, or that any part of the

profits to which he would be entitled were to be subjected to or lessened by the failure to collect for the goods sold. On the other hand, the defendants contended that the plaintiff was to receive 50 per centum of the net profits made from each sale, but that an account stated should be had between the parties at specific intervals in order that they might calculate the net profits from the business, taking into consideration the wholesale cost, plus shipping cost, plus selling costs and losses from depreciations in value, bad collections, and stolen goods. The parties introduced some 19 exhibits tending to establish the inventory at the time of the employment, the merchandise purchased, the sales made, the inventory at the termination of the employment, losses by reason of stolen property, unpaid accounts, depreciated inventories, and certain operating expenses.

We have examined this evidence in the light of the conflicting contentions of the parties, and can only say that the finding of the trial court in favor of the plaintiff below that he was entitled to compensation for his services is sustained by sufficient evidence. The findings of the trial court are entitled to the same weight and respect as those of a jury, and where the evidence is conflicting, as it is in this case, it will not be weighed to determine whether or not the trial court was correct.

We have calculated the amount of money claimed to be due from the defendants to the plaintiff, according to the figures introduced in evidence in this case, and while we do not arrive at the same total found by the trial court, yet the difference is very small and in favor of the defendants. We have not attempted to calculate the judgment from the basis contended for by the defendants, because, as we have heretofore said, the findings of fact of the trial court in this respect are conclusive. That carries with it the necessity of calculating the judgment according to the contention of the plaintiff and not according to the contention of the defendants.

Attention is called in the defendants' brief to the finding in the judgment that the plaintiff was entitled to his share of the profits on the basis of gross profits rather than net profits. We find from the record that this is contrary to the contention of both parties, as each of them used the term "net profits," and expressed their idea of net profits in such a way as to exclude the usual and customary meaning of gross profits. However, we are not able to say that this error is reflected in the judgment of the court, for, in our opinion, if

it were, the judgment would have been much greater than that allowed by the court. We therefore are of the opinion that the use of the term "gross profits" in the journal entry of judgment was an inadvertence.

The plaintiff pleaded a partnership, and gave evidence of his construction of the relationship, but, in truth and in fact, what he wanted was the money which he believed was due to him. The trial court found that there was a partnership and rendered a money judgment in his favor. The finding of the existence of a partnership was erroneous, but is immaterial to the result, and, therefore, harmless. The trial court rendered judgment for the plaintiff for what he actually wanted and showed himself entitled to by competent evidence.

For these reasons, the judgment of the trial court, in as far as it renders a money judgment in favor of the plaintiff for $589.15, with interest and costs, is affirmed, and that part of the judgment finding a partnership and ordering the partnership dissolved is set aside.

All the Justices concur.