**ELDRIDGE et al. v. SUTTON.**

No. 24129.   Jan. 29, 1935.

Rehearing Denied March 5, 1935.

A. M. Baldwin, for plaintiffs in error.

Chas. E. Wells, for defendant in error.

PER CURIAM. The defendant in error was plaintiff below, and plaintiffs in error were defendants below. They will be so designated in this opinion.

Plaintiff filed his petition in the district court of Pottawatomie county seeking judgment on a supersedeas bond.

The petition alleges that on April 21, 1926, L. M. Vance, as receiver of the National Bank of Commerce in Shawnee, Okla., instituted an action in the district court of Pottawatomie county, numbered 10063, against C. H. Eldridge and others in ejectment and damages for the wrongful occupation of certain lots in Shawnee; that the court appointed a receiver and ordered him to take charge of the property and collect the rents; that defendants in that action filed a motion to discharge the receiver; that the court overruled the motion; that defendants appealed to Supreme Court from the order overruling the motion to discharge the receiver; that in order to stay execution the defendants executed a supersedeas bond in the sum of $500; that the appeal was prosecuted to the Supreme Court, and that the Supreme Court rendered judgment sustaining the lower court. Eldridge v. Vance, 128 Okla. 46, 261 P. 168.

After the preliminary recitals of the bond, the penal part thereof is as follows:

"Now, therefore, after the said C. H. Eldridge, C. P. Roberts, A. Hunter, John Green, Shawnee National Bank, C. C. Stevens, and J. L. Clifton, shall well and truly pay the condemnation money in cost and shall well and truly do and perform all the things that may be enjoined upon them to do and perform in case the order sustaining the order of the district court of Pottawatomie county overruling the defendant's motion to set aside and hold for naught the order appointing the receiver, shall be affirmed in whole or in part, then and in that event this obligation shall be null and void, otherwise to remain in full force and effect."

The obligees in the bond were the state of Oklahoma and L. M. Vance, as receiver of the National Bank of Commerce of Shawnee, Okla.

The petition further alleges that the authority of the receiver in the former action was suspended until the cause was decided by the Supreme Court; that the defendants in that action collected rents in the sum of $1,520 during that time, and that the receiver in the action would have that sum in his possession had it not been for said appeal.

The petition further alleges that the main cause in said case numbered 10063 proceeded to trial, and that judgment was rendered against. C. H. Eldridge for the sum of $1,000, which judgment was affirmed on appeal to this court.

The petition further alleges that execution was issued against C. H. Eldridge and returned with no property found; that the judgment against Eldridge remains unpaid, and that Eldridge is insolvent.

The petition further alleges that plaintiff is the owner and holder of said judgment and chose in action, and is the successor in interest to the plaintiff in said cause numbered 10063, and prays judgment for the amount of the bond, interest, and costs.

The defendants demurred to the petition on the grounds that it did not state facts sufficient to constitute a cause of action; that it showed on its face that plaintiff was not the real party in interest, and that Vance, receiver of the National Bank of Commerce, had a judgment covering the matters and things sought to be recovered in this action. The demurrer was overruled.

The defendant Eldridge filed a separate answer, admitting execution of the bond sued on, and admitting recovery of judgment by Vance, receiver in case numbered 10063, made the petition his answer, the verdict and journal entry in case numbered 10063 part of his answer, and pleaded res adjudicata by virtue of same. Answering further, he denied that plaintiff was either the owner or holder of said judgment or had any assignment of the judgment from Vance, receiver.

The defendants Riddle and Douglas filed separate answers, which were a general denial, and which adopted Eldridge's answer

as theirs and further pleaded res adjudicata as to Eldridge.

The reply was a general denial of all allegations inconsistent with the allegations of the petition.

Other defendants than those appealing passed out of the case on demurrers by them to the evidence.

Defendants at the appropriate times interposed demurrers to the petition, motions for judgment on the pleadings, objections to the introduction of evidence, demurrers to the evidence on the trial, motions for judgment for defendants, exceptions to the findings of the fact and conclusions of law by the court, motions for judgment on the court's findings of fact and motions for new trial. These were all overruled by the court, exceptions were saved, and defendants appeal.

Motion by plaintiff to dismiss the appeal has heretofore been denied.

There are ten assignments of error, all of which are argued under one proposition, to wit:

"Did the petition of plaintiff state a cause of action against the defendants?"

The defendants' theory is that the action was one for rents and profits, and that the bond not containing in express words the conditions of the third subdivision of section 794, C. O. S. 1921 (sec. 543, O. S. 1931), to the effect that the plaintiff in error will pay the value of the use and occupation of the real property, judgment could not be rendered against the sureties. In support of this theory, the defendants rely chiefly on the cases of Lyngholm v. Atkins, 140 Okla. 36, 282 P. 129, and Local Building & Loan Association v. Hall, 145 Okla. 206, 292 P. 68.

In the Lyngholm Case the judgment was for possession only of real property. The condition in the bond was that provided in the first subdivision of section 794 (543, O. S. 1931), to the effect that plaintiffs in error would pay the condemnation money and costs in case the judgment should be affirmed. The appeal in the case in which the bond was given was dismissed. Action was then brought on the bond for the value of the use and occupancy of the premises involved in the former action. This court held that recovery could not be had for the value of the use and occupancy, the bond being conditioned only as stated.

In the Local Building & Loan Association Case, bond was given on appeal by defendants from an order confirming a sale of real estate. The condition of the bond was that if the principals should have the judgment reversed and remanded, the obligation should be void, otherwise in force and effect. This court held that no recovery could be had from the sureties on the bond for the value of the use and occupation of the property.

In the instant case the bond was given in an action brought by L. M. Vance, as receiver of the National Bank of Commerce in Shawnee, against C. H. Eldridge and others for possession of real property and for rents and profits. The plaintiff, Vance, receiver, further prayed for the appointment of a receiver to take charge of the property and to collect accruing rents and profits. Notice of the hearing on the application for appointment of a receiver was duly given, and on May 1, 1926, the court appointed A. H. Hurford as receiver and fixed his bond at $500. On May 3, 1926, Eldridge and the other defendants filed their motion to vacate the order appointing Hurford receiver. This motion was overruled by the court on May 17, 1926. It was from this order refusing to vacate the appointment of the receiver that the appeal was taken, and it was on this appeal that the bond here sued on was given.

The bond here sued on was fixed in the sum of $500, apparently as provided by section 525, C. O. S. 1921 (sec. 780, O. S. 1931), governing appeals in receivership cases. This section provides that the bond shall be in such sum as may have been required of the receiver and conditioned for the due prosecution of the appeal and the payment of all costs or damages that may accrue to the state or any officer or person by reason thereof. When the appeal was taken and the bond given, obviously the bond could not properly be given under the third subdivision of section 794, C. O. S. 1921 (sec. 543, O. S. 1931), for the reason that the bond there provided for is to supersede a judgment for possession, while in the case in which the bond here sued was given no judgment for possession had yet been rendered, the receiver having been appointed pending the action.

The receiver, Hurford, was ordered by the order appointing him to secure possession of the property and the rentals. Had it not been for the appeal and the consequent

suspension of his authority, the receiver would have received the rents and profits. Upon trial of the action, that is, cause numbered 10063, judgment was rendered for possession of the property and for the sum of $1,000 damages.

At the time a bond of the nature of the one under consideration is given, obviously the condition is for the damages that may thereafter accrue, in this case damages that might accrue by reason of the suspension of the authority of the receiver to receive the rents and profits pending the appeal from the refusal of the court to vacate the appointment of the receiver. The damages were found by the jury to be the sum of $1,000, and the court rendered judgment thereon for that amount. The word "damages" is not used in the bond. The bond is conditioned on payment of the "condemnation money," and contains this further condition:

"And shall well and truly do and perform all the things that may be enjoined upon them to do and perform in case the order sustaining the order of the district court of Pottawatomie county overruling the defendant's motion to set aside and hold for naught the order appointing a receiver shall be affirmed in whole or in part, then and in that event this obligation shall be null and void, otherwise to remain in full force and effect."

The term "damages," as used in a supersedeas bond, is synonymous with the words "condemnation money," under section 794, C. O. S. 1921. Thomas et al. v. Gethman, 91 Okla. 42, 215 P. 731, which cites Words and Phrases, Second Series, "Condemnation Money."

In Local Building & Loan Association v. Hall, supra, the court said that if the bond there under consideration, while not containing the provisions required in the language of the statute, contained language equivalent thereto, it would not hesitate to hold the bond sufficient to bind the sureties under the rule of liberal rather than strict construction.

The defendants also urge as error the failure of the trial court to sustain the plea of res adjudicata. This plea appears to us to be entirely without merit and will not be considered further.

Defendants further contend that the cause of action on the bond was not assignable. This contention also is resolved against defendants. Cope et al. v. Johnson et al., 123 Okla. 43, 251 P. 985.

The conclusion is reached that the petition stated facts sufficient to constitute a cause of action, and that the court did not err in overruling the demurrer to the petition and the objection to the introduction of evidence on the part of plaintiff and the motion for judgment on the pleadings.

There is sufficient evidence to support the findings of fact by the court and the conclusions of law based thereon, and the court committed no error in its subsequent rulings adverse to defendants on the various exceptions and motions by the defendants.

There being no reversible error in the record, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys N. C. Barry, Frank Nesbitt, and J. J. Sims in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Barry, and approved by Mr. Nesbitt and Mr. Sims, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.