## INTERNATIONAL CHIROPRACTIC CONGRESS et al. v. JOHNSTON.

No. 25718.  Sept. 10, 1935.

Rehearing Denied Nov. 5, 1935.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

S. A. Horton and George S. Evans, for plaintiffs in error.

Robert Hoyland, for defendant in error.

PER CURIAM.  This is an action on a bond between Nellie R. Johnston, plaintiff below, and International Chiropractic Congress, a corporation, Willard Carver, and A. A. Harris, defendants below.  The par-

ties will be referred to as they appear in the trial court.

In June, 1932, Nellie R. Johnston filed an action against International Chiropractic Congress, a corporation, asking for a money judgment for salary as a stenographer and for the appointment of a receiver. A receiver was appointed, and from said interlocutory order the defendant corporation appealed to this court, and executed a bond in the sum of $500, wherein Willard Carver and A. A. Harris were sureties. Subsequently a judgment for $1,800 was rendered in the main action for plaintiff, execution was issued and returned unsatisfied.

This suit results from International Chiropractic Congress, a Corporation, v. Johnston, 163 Okla. 261, 21 P. (2d) 1044, wherein the bond was given forming the basis for this action. This bond stayed the operation of the receivership granted by the district court, and the effect of the bond was to permit the appellants to keep in their custody the books, notes, ledgers, accounts receivable, bonds and contracts for the payment of money belonging to the defendant corporation, pending the appeal. The appeal was dismissed by this court for the reason that the appeal was from an interlocutory order, and that no motion to vacate said order appointing the receiver had been filed in the trial court. See International Chiropractic Congress, a Corporation, v. Johnston, supra. In October, 1933, the present suit was instituted to recover on that bond. This appeal is from a judgment in the full amount of the bond.

The defendants present their case principally on two propositions: First, the bond is void because the order sought to be appealed from was invalid and without consideration.

Second, demurrer should have been sustained to petition for the reason that no measure of damages is stated, and that in no event could more than nominal damage be recovered.

We deem it pertinent to observe the following legal proposition, which, in our opinion, will determine this appeal and is in effect an answer to defendants' first proposition. Does the dismissal of an appeal from the appointment of a receiver, because it was not an appealable order, constitute such a breach of obligations of the bond as would render the sureties liable?

We have examined the cases cited by the defendants to support this proposition and do not believe they are controlling with the facts in the case at bar.

On the authority of Eldridge v. Sutton, 171 Okla. 11, 41 P. (2d) 680, the bond given in this case and by virtue of section 780, O. S. 1931, is a supersedeas bond and stays proceedings, pending appeal. See, also, 60 C. J. 1155, sec. 1.

We think the case of Cope v. Johnson, 123 Okla. 43, 251 P. 985, is applicable to the case at bar. In that case an appeal was taken from an order dissolving an injunction and a bond given to further stay the proceedings. The appeal was dismissed and an action was then brought for a judgment on the bonds involved. The court held in effect that after a party has obtained an injunction and stayed his adversary's proceedings, thereby causing him to suffer damages, it is too late to set up as defense to the action on the injunction and appeal bonds a want of jurisdiction to grant the injunction.

Applying this principle to the case at bar, we find that the giving of the bond and attempted appeal prevented the operation of the receivership, and therefore the assets of the defendants' corporation were wasted and destroyed, and the defendants having obtained the relief they sought, namely, the suspension of the receivership, they cannot now renounce and repudiate their acts and declare them void.

The defendants contend that, since their appeal was dismissed because it was not an appealable order, the bond was a nullity and of no consequence. To contend this would be for them to say that they were only trifling with the rights of the adverse party and with the courts, and that no appeal was ever pending in the courts. We believe this position to be untenable. Defendants infer that there was no reason why the receiver should not have taken possession of the property. They also point out that the receiver never did physically take possession of the property and was never prevented from doing it. A cursory examination of this matter reveals that this position is of little merit and is answered adversely to the defendants by the express terms of the statute.

The effect of giving a bond when appealing in this case made it impossible for the receiver to be given, or to take, custody of the property, because section 780, O. S. 1931, provides, in part, as follows:

"* * * and in cases where a receiver shall be, or has been, appointed, upon the appellant filing an appeal bond, with sufficient surety, in such sum as may have been required of such receiver by a court or the judge thereof, conditioned for the due prosecution of such appeal and the payment of all costs or damages that may accrue to the state, or any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal, and if such receiver shall have taken possession of any property, real or personal, the same shall be returned and surrendered over to the appellant, upon the filing and approval of said bonds."

Consequently, it is obvious that if the receiver had taken possession of the property, he would have had to turn it over to the defendants, or, if he had not taken possession of the property, he would not have any authority to do so upon the filing and approval of the bond.

It will be noted that in a portion of the section of the statute above quoted, it is tersely stated, "the authority of such receiver shall be suspended until the final determination of such appeal." The question then arises, Was this attempted appeal and its results a final determination of said matter? We believe that this question is settled by the case of Peck v. Curlee Clothing Co., 63 Okla. 61, 162 P. 735, wherein the court stated:

"Though the order of the court dismissing the appeal was not in terms an affirmance of the judgment of the trial court, it was equivalent, in legal effect, to a technical affirmance thereof, so as to make the judgment of the trial court final against the judgment debtor. The order dismissing the appeal left the judgment in full force. There was neither a modification nor a reversal of the judgment, which the surety had by his act enabled the judgment debtor to supersede. The courts have generally refused to adopt a technical construction of the word 'affirm,' as used in a supersedeas bond, conditioned for payment in case the judgment is affirmed, but, on the other hand, have held the obligors on such bonds liable where the appeal is dismissed, on the ground that the dismissal is equivalent to an affirmance, within the meaning of the conditions of the bond."

See, also, Starr et al. v. McClain et al., 50 Okla. 738, 150 P. 666, and Ward et al. v. Schwab, 106 Okla. 29, 232 P. 849.

What was the object of the bond in this case? Manifestly, to stay the operation of the receivership and to pay all costs or damages that may accrue by reason thereof. We see no propriety in attributing to a technical judgment of dismissal less efficacy than to a more formal one of affirmance. The effect on the judgment of the trial court would be the same.

In the case of Heller v. Fidelity & Casualty Company of New York, 143 N. E. 266, the Appellate Court of Indiana stated in a case similar to the one at bar that it is sufficient for them to note that the Supreme Court assumed jurisdiction, and that the bond in controversy has the effect to stay all proceedings for the enforcement of the receivership during the pendency of the appeal, and further said:

"Jurisdiction having been assumed, appellee's principals having filed their brief and prosecuted the action to final judgment in the Supreme Court, they were not thereafter in a position to assert that there was no appeal or that their appeal bond was not effective."

We now come to defendants' second proposition. We have examined the pleadings filed in this case and have examined the evidence and do not feel that the trial court has committed error therein. The provisions of the bond involved in this action were that the sureties would be firmly bound unto plaintiff and all other persons that might be damaged by the discharge of said receiver or suspension of his authority, in the sum of $500.

In the recent case of Eldridge et al. v. Sutton, supra, we find facts not dissimilar to the case at bar, and this court in that action sustained a verdict for $500 on a bond given in an appeal from an order refusing to vacate order appointing a receiver. The element of damage was the suspension of the authority of that receiver to collect rents. In the case at bar the receiver was deprived of the right to function and from collecting the payments on the bonds and notes.

Inasmuch as a jury was waived and the case was tried to the court, and all parties to the receivership proceedings, as well as this action, had an opportunity to testify concerning the values of the property, both before the receivership and at the trial in this case, and inasmuch as the secretary of the defendant corporation had made an affidavit in a replevin action a few days before the institution of the receivership suit, wherein he stated that the property was of the actual value of $958, and that the evidence presented in this case showed

that the property had no value at the time of trial in the district court, which the defendants concede in their brief, we, therefore, feel that the judgment of the trial court is fully sustained by the evidence.

When a cause is tried to the court without a jury and the evidence is conflicting, the finding of the trial court has the same effect as a finding of a jury, and where the same is sustained by any competent evidence, it will not be disturbed on appeal. Redd v. Warehime, 166 Okla. 128, 26 P. (2d) 142; Hotel Tulsa Tailors v. Tulsa Industrial Loan & Investment Co., 167 Okla. 472, 30 P. (2d) 682; Hawkins v. Howard, 167 Okla. 480, 30 P. (2d) 696; Broswood Oil & Gas Co. v. Mary Oil & Gas Co. 164 Okla. 200, 23 P. (2d) 387.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Gerald Klein, Philip N. Landa, and Edgar M. Lee in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Klein and approved by Mr. Landa and Mr. Lee, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.