CONSOLIDATED SCHOOL DIST. NO. 97 v. JASPER SIPES CO.

No. 29772.   Jan. 28, 1941.

*109 P. 2d 829.*

E. Blumhagen, of Watonga, for plaintiff in error.

Moss & Powell, of Oklahoma City, and Falkenstine & Fisher, of Watonga, for defendant in error.

PER CURIAM.   This action was instituted in the district court of Blaine county on May 6, 1924, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover the contract price of certain school equipment alleged to have been sold and delivered to the defendant during the fall of 1921. The defendant pleaded non indebitatus assumpsit and payment. The cause came on for trial before a jury on May 22, 1939. At the close of plaintiff's evidence the defendant demurred thereto and gave notice of its election to stand upon such demurrer and moved for a discharge of the jury and for judgment. The plaintiff joined in the motion to discharge the jury and for judgment. The court sustained the motion to discharge the jury and took the cause under advisement until September 18, 1939, at which time he made findings of fact to the effect that the goods had been purchased, accepted, and used at a time and under circumstances which created a liability in law for the payment by the defendant, and that such payment had not been made, and thereupon rendered judgment for the plaintiff in accordance with such findings. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of said judgment the defendant urges three propositions which resolve themselves into two; that is, whether the evidence was sufficient to sustain the judgment, and whether the court properly applied the law to the facts. No complaint is made as to the action of the court in discharging the jury and deciding the issues himself.

The action being one in debt and not one in tort, we do not discuss the cases cited by the defendant which deal with responsibility of municipalities for torts of officers, servants, agents, and employees.

This judgment is to be reviewed only for the purpose of ascertaining whether it is supported by competent evidence and whether the law has been correctly applied to the facts, and in this connection is to be treated as if it were a judgment where a trial was had to the court. 26 R.C.L. 1081; Mulkey v. Anglin, 166 Okla. 8, 25 P. 2d 778; Redd v. Warehime, 166 Okla. 128, 26 P. 2d 142.

Measured by the rule announced in the above cases, the judgment in the case at bar appears to be fully supported by competent evidence and to be in accord with the findings of fact made by the court, and there appears to be no misapplication of the law. Such being the situation, the judgment will not be disturbed by this court.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur.