## PIPPIN et al. v. McVICKERS.

No. 13734—Opinion Filed Nov. 28, 1922.

(Syllabus.)

1. **Appeal and Error—Decisions Appealable —Interlocutory Order—Appointment of Receiver.**

An order made by the trial court appointing a receiver, pending the litigation, is an interlocutory order, and unless there is statutory provision therefor, an appeal does not lie to the Supreme Court to review such interlocutory order.

2. **Same — Order Refusing to Vacate Appointment.**

Section 4986, Revised Laws of Oklahoma, 1910, provides the party aggrieved may appeal from the order of the trial court, or judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver,

to the Supreme Court, without awaiting the final determination of such cause. This does not authorize such an appeal from the order of the trial court appointing a receiver.

3. **Appeal and Error—Unauthorized Appeal —Dismissal.**

When an unauthorized appeal is lodged in this court and a motion is filed to dismiss said appeal on the ground that the court is wholly without jurisdiction to entertain or consider said appeal, such motion should be sustained and the appeal dismissed, or this court may dismiss such appeal on its own motion because it has no jurisdiction to hear and determine the same.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by J. M. McVickers against J. W. Pippin et al., to recover on a promissory note and foreclose a real estate mortgage given to secure the payment of said note. On application of the plaintiff the trial court appointed a receiver. Defendants J. W. Pippin and Celia E. Pippin appeal from the order appointing the receiver. Appeal dismissed for want of jurisdiction.

J. A. Diffendaffer and J. F. Thomas, for plaintiffs in error.

W. C. Stevens, Charles Mitschrich, and S. I. McElhoes, for defendant in error.

MILLER, J. This action was commenced in the district court of Comanche county by J. M. McVickers, as plaintiff, to recover a personal judgment against J. W. Pippin on a certain promissory note executed by him and to foreclose a mortgage executed by the said defendant, J. W. Pippin, to secure the payment of said note. The other defendants, Celia E. Pippin, C. A. Warner, Josie Bowman, and the Antrim Lumber Company, a corporation, were made defendants, the petition alleging they had or claimed some interest in the property covered by said mortgage, but that said defendants' interests were inferior and subject to that of the plaintiff's rights under and by virtue of his said mortgage.

Thereafter the plaintiff filed his application for the appointment of a receiver. The defendant Antrim Lumber Company, a corporation, filed its application joining with the plaintiff in requesting that the court appoint a receiver to take charge of the property and collect the rents and profits thereof.

On the 26th day of August, 1922, the applications of the plaintiff and the defendant Antrim Lumber Company, for the ap-

pointment of a receiver came on for hearing; the various parties being represented by their counsel. At the conclusion of the hearing the court sustained the application and appointed J. Connor as receiver, with power and authority to rent, receive and collect the rents, and take charge of the property, and fixed his bond in the sum of $500.

The defendants J. W. Pippin and Celia E. Pippin each separately and severally excepted to the ruling and order of the court, and gave notice of their intention to appeal from said order appointing a receiver, all of which notice to appeal and subsequent orders are shown by recitals in the journal entry, which read as follows:

"And thereupon each of the said defendants in open court gave notice of their intention to appeal from said order appointing a receiver to the Supreme Court of the state of Oklahoma, and asked that such notice be entered upon the trial docket as required by law.

"And thereupon, for good cause shown the said defendants J. W. Pippin and Celia Pippin are each allowed 5 days in which to make and serve a case-made for the Supreme Court, and the said plaintiff and defendant Antrim Lumber Company are each allowed three days thereafter in which to suggest amendments thereto, said case to be settled and signed on one day's notice by either party to the adverse party.

"And it is further considered, ordered, and adjudged that proceedings hereunder be stayed for a period of ten days, and thereafter and during the pendency of appeal in the Supreme Court if the said J. W. Pippin and Celia Pippin shall, within said ten days, give a good and sufficient bond, conditioned as required by law, with sureties to be approved the clerk of this court in the penal sum of five hundred dollars."

The defendants J. W. Pippin and Celia E. Pippin executed an appeal bond as principals with W. K. Miller as surety, which bond was approved by the court clerk of Comanche county. Said appeal was duly perfected and the petition in error, with case-made attached, filed in this court on September 5, 1922.

On September 25, 1922, defendant in error, J. M. McVickers, who was plaintiff in the court below, filed a motion to dismiss said appeal. Two of the grounds set forth in said motion are as follows:

"That said appeal is attempted to be taken from an order of the court undertaking and directing the appointment of a receiver and that no appeal lies from such order.

"That the court is wholly without jurisdiction to entertain said appeal."

We think the motion to dismiss is well taken and must be sustained.

An order appointing a receiver is an interlocutory order. It is not a final order, and we fail to find any statute authorizing an appeal from an order appointing a receiver. An appeal will not lie from an interlocutory order unless there is statutory authority therefor. Section 4986, Revised Laws of Oklahoma, 1910, provides for appeals in receivership cases, and reads as follows:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved, may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, without awaiting the final determination of such cause and in cases where a receiver shall be, or has been, appointed, upon the appellant filing an appeal bond, with sufficient surety, in such sum as may have been required of such receiver by a court or the judge thereof, conditioned for the due prosecution of such appeal and the payment of all costs or damages that may accrue to the state, or any officer or person by reason thereof, the authority of such receiver shall be suspended until the final determination of such appeal, and if such receiver shall have taken possession of any property, real or personal, the same shall be returned and surrendered over to the appellant, upon the filing and approval of said bonds. The right of appeal herein provided for shall obtain in and be applicable to any and all actions now pending or which may hereafter be instituted pursuant to any statutory provisions, general or special."

It will be noticed that the right of appeal, without awaiting the final determination of the cause in the trial court, is only granted from an order of the court or a judge thereof refusing to appoint a receiver, or refusing to vacate the appointment of a receiver. The Legislature could have provided for an appeal from the order appointing a receiver, but it did not do so. It specifically provided that the appeal would lie from the order refusing to vacate the appointment of a receiver.

It may often occur that the party making application for the appointment of a receiver fully prepares to make the best possible showing and be sure that he has his witnesses available before he serves notice on his adversary that he will ask for the appointment of a receiver. The party resisting the

appointment of a receiver may not be fully prepared to meet all the proof offered by the applicant, and under the provisions of the statutes above quoted, he may file his motion to vacate the order appointing the receiver and be prepared to meet or rebut such evidence of the applicant. It is probable that the Legislature deemed it advisable to give the trial court an opportunity to be fully advised and to review and reconsider its order appointing a receiver, as a prerequisite for an appeal to this court, before the final determination of the action in the trial court. However, it is immaterial what reasons prompted the Legislature to word the law as we find it. The statute is plain and unambiguous, and it does not provide for an appeal from an order appointing a receiver. See Hale v. Broe, 18 Okla. 147, 90 Pac. 5; Shaffer et al. v. Tyrell et al., 58 Okla. 15, 158 Pac. 626.

The record shows conclusively that the appeal is from the order of the court appointing a receiver. This is shown by the journal entry, from which we have quoted. The petition in error sets out five specific assignments of error, as follows:

"First. The court erred as a matter of law in appointing a receiver.

"Second. The facts as they appear on record were insufficient to entitle applicants to the appointment of receiver.

"Third. Plaintiff's petition shows upon its face that he had no apparent title to the property and was therefore not entitled to the appointment of a receiver.

"Fourth. The Antrim Lumber Company was not entitled to a receiver, for the reason that the value of the property was far in excess of its claim and all other valid claims against the property.

"Fifth. The court erred in holding that the facts and allegations of plaintiff's and cross-petitioner's petitions, with the exhibits attached thereto and agreements and stipulations of counsel as they appear in the order appointing the receiver, entitled the applicants to the order appointing a receiver.

"Wherefore, appellants pray that the order appointing the receiver be vacated, set aside, and held for naught, and that they be restored to all the rights and privileges which they have lost by the order appointing said receiver."

The record fails to show that any motion to vacate the appointment of the receiver or any other motion or pleading of any kind was filed in the lower court which gave the trial court an opportunity to review or reconsider its order appointing a receiver. The record shows conclusively that this is an appeal from an order appointing a receiver, and there being no statutory provision authorizing such an appeal, it cannot be maintained.

The motion of the defendant in error, J. M. McVickers, to dismiss the appeal is sustained, and the appeal is hereby dismissed.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, KENNAMER, and NICHOLSON, JJ., concur.