## BLACKBURN v. BLACKBURN.

No. 17335. Opinion Filed Feb. 7, 1928.

(Syllabus.)

**Appeal and Error—Decisions Appealable—Order Setting Aside Order Vacating Appointment of Receiver not Final Order.**

Where a receiver is appointed to collect rents and apply on a judgment awarding support money for a minor child, an order is made vacating the appointment of the receiver, and later an order is made setting aside the order vacating the appointment of the receiver, the latter order is an interlocutory order, and in the absence of express statute authorizing it, an appeal will

not lie to the Supreme Court to review the same.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Application to vacate an order appointing a receiver of the allotted lands of Luther A. Blackburn, a minor, pursuant to judgment in favor of Florence Blackburn. From an order setting aside an order vacating the appointment of a receiver, the minor, by next friend, appeals. Dismissed.

Leahy, MacDonald & Files and Thomas D. Lyons, for plaintiff in error.

G. B. Sturgell and J. C. Cornett, for defendant in error.

JEFFREY, C. This is an appeal from an order of the district court of Osage county, growing out of a divorce action between the parties. At the trial of the cause on the original petition, it appears that judgment was rendered against Luther A. Blackburn, plaintiff, for certain alimony and support money for his minor child; that he failed to make payments; and that upon application of Florence Blackburn, defendant, the judgment for support money for the minor was to some extent modified, and a receiver was appointed to take charge of and collect the rentals from plaintiff's real estate. Plaintiff then filed a motion to vacate the order appointing a receiver. On March 31, 1926, plaintiff's motion to vacate the order appointing a receiver was sustained. On April 2nd, and during the same term, defendant filed a motion asking for a rehearing upon plaintiff's motion, and that the order vacating the order of appointment be set aside. On April 7, 1926, defendant's motion was sustained, and the order of date March 31, 1926, setting aside the order appointing a receiver, was vacated, on the ground that the same was made under misapprehension of law and facts. From this order plaintiff has appealed.

Defendant has challenged the jurisdiction of this court to entertain the appeal, on the ground that the order sought to be appealed from was not an appealable order. Interlocutory orders are not appealable unless the statute expressly authorizes an appeal. And orders relating to the appointment, refusal to appoint, discharge, or refusal to discharge receivers are interlocutory orders. Pippin v. McVickers, 87 Okla. 289, 210 Pac. 1016; Schaffer v. Tyrrell, 58 Okla. 15, 158 Pac. 626; Clark on Receivers, p. 571. Hence, we must look to the statute for the authority to appeal from the order

in question. Section 525, C. O. S. 1921, is as follows:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, without awaiting the final determination of such cause. * * *"

This court, in the cases of Pippin v. McVickers, and Schaffer v. Tyrrell, supra, held that an order appointing a receiver was not an appealable order. In the Schaffer Case the court said:

"As the right to appeal from an interlocutory order rests upon the statute conferring it, it is not our province to extend that right beyond the plain meaning of the language employed."

The right of appeal is a statutory and not a common-law right. And the statute authorizing an appeal from an order refusing to vacate the appointment of a receiver, being in contravention of established rules of long standing, should be strictly construed. Herrin v. Wiggins, 7 Okla. 312, 54 Pac. 483. So far as the record shows, the motion to vacate the order of appointment was never overruled.

Since the right of appeal from this character of an order depends solely upon an express statute, and there being no statutory authority for such an appeal, we conclude that the right of appeal from such order did not exist; and that this court does not have jurisdiction to entertain the appeal.

The appeal is therefore dismissed.

BENNETT, HERR, DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 575, §412.