## INTERNATIONAL CHIROPRACTIC CONGRESS v. JOHNSTON.

No. 23831.   Opinion Filed May 9, 1933.

S. A. Horton and Geo. S. Evans, for plaintiff in error.

Robt. W. Hoyland and A. V. Dinwiddie, for defendant in error.

PER CURIAM.  On the 30th day of June, 1932, pursuant to defendant's application verified and filed by the plaintiff herein, the court appointed a receiver, the order therefor being as follows:

"It is, therefore, by the court, considered, ordered, adjudged, and decreed that a receiver should be appointed herein during the pendency of this action, and L. M. Jelsma is hereby appointed such receiver, and is hereby authorized and empowered to take charge and custody of all the books, notes, ledgers, accounts receivable, bonds, policies of insurance and contracts for the payment of money, together with all office furniture and equipment, and all other property of every kind and character belonging to and used in the operation and conduct of the business of said defendant corporation, located within the jurisdiction of this court, and said receiver is hereby authorized and directed to proceed at once with the collection of all accounts outstanding, notes, contracts for the payment of money, bills receivable, and bonds and during the pendency of this suit is to preserve said assets and retain such sums of money as may come into his possession and report his doings as such receiver to this court upon request and at the determination of this action."

And thereupon provided for bond for $500, and recites notice of intention to appeal to the Supreme Court.

Motion to dismiss has been filed herein upon the ground that the same is an interlocutory order and that no motion to vacate said order has been filed.

A response to the motion to dismiss is filed, in which it is stated:

"We did not have time to file application to discharge the receiver. That was not our theory. Our theory was that it destroyed the business of the plaintiff in error, and that the order appointing the receiver was filed on that particular point."

No authorities are cited except the case

of Crites v. City of Miami, 80 Okla. 50, 193 P. 984, the first syllabus paragraph of which is as follows:

"An appeal may be taken from an order of the district, county, or superior court when that order involves the merits of the action or some part thereof, and by reason of said order the party is deprived of some statutory right or some meritorious defense, although the order appealed from may not be a final order."

That was a case commenced in the district court of Ottawa county by Crites against the city of Miami, to recover damages to certain lots caused by the city polluting stream. This case was tried to a jury and a verdict rendered for Crites, and after Crites died, and on the 3rd day of November, 1917, Rosella Crites, administratrix of the estate, filed a motion to revive said action. It was upon that date revived in the name of Rosella Crites, and after a change of city attorney the city of Miami filed a motion to vacate the order reviving the action. The court sustained that motion, and from the judgment sustaining the motion the plaintiff appealed.

On the other hand, movant cites several authorities which sustain the proposition that this is not an appealable order: Shaffer v. Tyrrell, 58 Okla. 15, 158 P. 626; Exchange Trust Co. v. Okla. State Bank, 126 Okla. 193, 259 P. 589; Blackburn v. Blackburn, 129 Okla. 127, 263 P. 1101; Robinson v. Miracle, 146 Okla. 31, 293 P. 211. In Shaffer v. Tyrrell, supra, the court said, in part:

"The appeal in the present case is not taken from an order refusing to vacate an order appointing a receiver, but from the order of appointment; in fact, no motion was made asking the judge to vacate the order appointing the receiver. As the right to appeal from an interlocutory order rests upon the statute conferring it, it is not our province to extend that right beyond the plain meaning of the language employed. The Legislature in the exercise of its prerogative deemed it necessary, before an appeal would lie from an order appointing a receiver, that a motion to vacate the appointment first be made, thus making the filing of such a motion a prerequisite to the appeal on the part of those resisting the appointment. We are not concerned in the wisdom of the statute, but with its construction."

Since the appellant herein admits that there was no such motion to vacate, and attempts to excuse the same by saying that he did not have time to file said motion, and since there apparently are no authorities sustaining his proposition that it is an appealable order, the appeal is dismissed.