## WORLD RECORD CO. et al. v. KEHOE et al.

No. 24788. Sept. 19, 1933.

Rehearing Denied Oct. 10, 1933.

Caleb Schoat, for plaintiffs in error.

J. B. A. Robertson, for defendants in error.

PER CURIAM. This is an action by the plaintiffs for dissolution of a partnership and an accounting, and after the petition had been filed and pleadings made by the parties the court, under the date of December 20, 1932, entered a judgment of which plaintiffs in error complain.

On the 16th day of December, 1932, the court having theretofore referred the matter to the referee, the Hon. John B. Harrison, accepted the report of the referee as to the findings of fact and conclusions of law, but apparently because the defendants were not present in the courtroom at the rendition of the order accepting the conclusions of fact and law, the court set aside the order and heard the objections to the accepting of the report on the 20th day of December, 1932, and on that date re-entered the order and judgment of the court made on the 16th day of December, 1932. appeal is by transcript.

The petition in error alleges two grounds for reversal: The first is that the court erred in the conclusions of law. The second that the court erred in findings of fact. As to the findings of fact, the report of the referee is final and conclusive for the purpose of appeal by virtue of the fact that the testimony taken before the referee is not made part of the record by bill of exceptions or case-made, and therefore cannot be reviewed.

The conclusions of law were that the receiver be appointed and that upon final adjudication the partnership should be dissolved. The court adopted the report of the referee and confirmed and approved the same and appointed Frank E. Walker receiver. That is the entire judgment of the court entered on the 16th day of December, 1932, and upon objection filed by plaintiffs in error re-entered on December 20, 1932. The case was continued for further hearing upon the merits by order of the court in that judgment. The conclusion of law of the referee that the partnership be dissolved awaits the action of the trial court thereon. There is no case-made or bill of exceptions attached to the petition in error, and the only thing, therefore, before the court at this time is the objection to the appointment of receiver entered by the trial court. From this order the plaintiffs in error have appealed, and the motion to dismiss has been filed.

This court is without jurisdiction to hear the appeal on this order. In a recent case, International Chiropractic Congress v. Johnson, 163 Okla. 261, 21 P. (2d) 1044, this court held that an order appointing receiver is reviewable only on an order refusing to vacate the appointment. There have been no proper proceedings taken in the trial court to vacate the order appointing receiver. As that is the only matter before this court at this time, the appeal should be dismissed. And it is so ordered.