HAROLD WILLIAMS, Claimant-Appellee, *v.* KLEENCO, Employer-Appellant, and HAWAIIAN INSURANCE & GUARANTY CO., Insurance Carrier-Appellant

NO. 7054

JUNE 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a decision and order of the Labor and Industrial Relations Appeals Board which affirmed a ruling by the director that the claim was not barred by the statute of limitations contained in the Workmen's Compensation Act. The director had not determined the amount of compensation and the appeals board, in its order, sent the case back to the director for a determination of that amount.

Appeals from the Labor and Industrial Relations Appeals Board are allowed under § 386-88, Hawaii Revised Statutes (HRS). However, they are governed by the provisions of the Hawaii Administrative Procedures Act and particularly by § 91-14(a) thereof. *DeFries v. Association of Apartment Owners, 999 Wilder,* 57 Haw. 296, 555 P.2d 855 (1976). That statute provides in part:

Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; . . .

Clearly, deferral of review pending entry of a subsequent final decision would not, in this case, deprive appellant of adequate relief and clearly also, the decision below was not a final order. As was said in *Gealon v. Keala,* 60 Haw. 513, 520, 591 P.2d 621, 626 (1979):

"Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

The decision and order of the Labor and Industrial Relations Appeals Board was not a final order and accordingly, the appeal is dismissed.

*Stanford J. Manuia (Robert C. Kessner* on the briefs, *Woo, Kessner & Duca* of counsel) for appellants.

*Raymond E. Engle (John P. Moon* on the brief, *Hoddick Reinwald O'Connor & Marrack* of counsel) for appellees.