**COMMERCE BANK OF KANSAS CITY, N.A. Kansas City, Missouri, Appellee,**

v.

**Ellen CHADWELL, Appellant.**

**No. 55052.**

Supreme Court of Oklahoma.

Oct. 13, 1981.

Sam H. Johnson, Rhoads & Johnson, Lawton, for appellant.

Eddie Y. Newcombe, Newcombe & Redman, Lawton, for appellee.

OPALA, Justice:

This appeal—which is laden with fatal postural and jurisdictional infirmities—must be dismissed.

The dispositive issue is whether the order presented for review—which appoints a receiver to sell the defendant's [appellant's] interest in certain corporate stock—is appealable under 12 O.S.Supp.1980 § 993(a)(4). We hold that the order under consideration in this case does not constitute a reviewable disposition.

This was a proceeding to apply judgment debtor's [Chadwell's] interest in certain stocks toward satisfaction of the judgment in favor of appellee bank [Bank]. After a hearing on the Bank's application for appointment of a receiver, the trial court

---

12. *Williams v. City of Bristow*, 350 P.2d 484 (Okl.1960).

found that (a) Chadwell's motion for continuance should be overruled, (b) Chadwell did own some interest in the stock of an Oklahoma banking corporation which shares were then pledged to, and in the possession of, a certain Texas bank, (c) Chadwell should be prevented from transferring or further encumbering her interest in that stock and (d) the sheriff should be appointed receiver to sell Chadwell's interest in the stock at a public sale. This appeal followed.

The issues raised on appeal all relate to and consist of errors in the proceedings which culminated in the order appointing a receiver.

The post-judgment action of which Chadwell complains here is not reviewable. The decision does not fall into any category of orders appealable by right.[1]

An order appointing a receiver is an unappealable interlocutory disposition.[2] Before the amendments of 1970, matters dealing with receivership could be brought for review from orders "refusing to appoint, or refusing to vacate the appointment of a receiver". 12 O.S.1961 § 1558. The very same legislative act which repealed § 1558[3] enacted the provisions of 12 O.S.Supp.1980 § 993. The last cited section contains in subdivision (a)(4)[4] exactly the same language as that previously employed in § 1558.

Extant case law construing § 1558 holds that an order appointing a receiver is reviewable only by appeal from an order denying the appointment or refusing to vacate the appointment.[5] Since the enactment of § 993 in 1970, we have not had the opportunity to reconsider our past decisions which construe § 1558. On re-examination, we find them to represent a correct exposition of present-day law. This is so because

the pertinent language in § 1558 is identical to that in § 993(a)(4).

This appeal has not been taken from an order refusing to vacate the appointment of a receiver but rather directly from the order of appointment. The record reveals neither a motion to vacate that appointment nor some functional equivalent of such procedural device. The disposition sought to be reviewed constitutes clearly a non-reviewable interlocutory order.

Not every judicial misapplication of the law confers upon the aggrieved party the right to have it reviewed. Rather, legal error is reviewable only when committed in course of proceedings incidental to, or culminating in, some appealable decision. The errors sought to be presented here are all incidental to the trial court's appointment of a receiver. Absent a record denial of the aggrieved party's motion to vacate, the appointment is not a fit subject for corrective relief. Neither may we review any other errors in the proceeding which culminated in the appointment sought to be set aside. Our decision does not operate as an affirmance of the trial court's order. It merely declares the errors sought to be reviewed were prematurely presented and postpones their consideration until another proceeding-in-error has been properly perfected. This is so because, for the purpose of reviewability, the errors assigned, all of which occurred in the proceeding for imposition of post-judgment receivership, are indivisible and non-severable. Our review must await the trial court's careful consideration of the judgment debtor's motion to vacate. Appellate courts are powerless to grant dispensation from legislatively-imposed jurisdictional requirements.[6]

Dismissed.

1. 12 O.S.1971 §§ 952(b)(2), 953 and 12 O.S. Supp.1980 § 993.

2. *Pippin v. McVickers*, 87 Okl. 289, 210 P. 1016, 1017 [1922]; *Blackburn v. Blackburn*, 129 Okl. 127, 263 P. 1101, 1102 [1928].

3. Okla.Sess.L.1970, c. 289, § 3.

4. The terms of 12 O.S.Supp.1980 § 993(a)(4) provide for an appeal from an interlocutory

order which "[r]efuses to appoint, or refuses to vacate the appointment of a receiver".

5. *Gardner v. Incorporated City of McAlester*, 198 Okl. 547, 179 P.2d 894, 897 [1947]; *International Chiropractic Congress v. Johnston*, 163 Okl. 261, 21 P.2d 1044, 1045 [1933]; *Pippin v. McVickers*, supra note 2.

6. *Estate of O'Bannon*, 633 P.2d 741, (1981).

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS and HARGRAVE, JJ., concur.