**HERMETICS SWITCH, INC., and CNA Insurance, Petitioners,**

v.

**Delores L. SALES, Respondent.**

**No. 56066.**

Supreme Court of Oklahoma.

Jan. 26, 1982.

Barbara M. Tracy, Pierce, Couch, Hendrickson, Johnson & Baysinger, Oklahoma City, for petitioners.

Dick A. Blakeley, Oklahoma City, for respondent.

OPALA, Justice:

The narrow first-impression question to be answered is whether the decision of a three-judge panel of the Workers' Compensation Court which vacates the trial judge's award or order and directs him to rehear the case is to be treated as reviewable under the provisions of 85 O.S.Supp. 1977 § 3.6 B, when the error assigned for review is that the decision is fatally defective on the face of the proceedings because the relief granted by the panel is clearly in excess of that sought before it by the employer as the sole appealing party. Our answer is in the negative. We hold that the decision tendered for review must be regarded as a non-reviewable interlocutory order and the proceeding is hence subject to dismissal.

## CASE POSTURE

The trial judge's order of September 12, 1980 awarded claimant 100 weeks in compensation for 50% permanent disability from her February 27, 1978 on-the-job injury to the left eye. Employer's appeal to the review panel sought reversal of that portion of the order which found that the entire one-hundred-week award had accrued. The November 7, 1980 decision of the three-judge panel "vacated and remanded [the claim] for redetermination of all issues." Employer's petition-for-review filed in this court asserts error by the panel (1) in vacating the trial judge's award and remanding the case for redetermination of all issues, inasmuch as the only issue appealed, which deals with the amount of weeks in accrued compensation, called for mere recomputation of accrual period and (2) in allowing claimant, who did not lodge an appeal, to present to the panel and argue before it issues not raised by the employer who was the sole appealing party in the case.

## THE PROCEEDING IS PREMATURE

■ The institutional design by which a trial authority's decision in a compensation case could be amenable to review in advance of one available in this court was first introduced into our statutory law by amendments adopted in 1939.[1] Legislation enacted that year created what was later referred to as the trial tribunal en banc.[2] An unbroken line of opinions spanning a period of 35 years—from 1940 to 1975—articulates our commitment to the view that a case appealed for consideration en banc is not a fit subject for corrective relief in this court until *a reviewable order* has been rendered.[3] Settled case law defines a reviewable decision in a compensation case as one which "makes or denies an award" or otherwise constitutes "a final determination of the rights of the parties".[4] An en banc order vacating the trial judge's decision and remanding the claim for further proceedings does not fall under the rubric of reviewable decisions.[5]

The sweeping legislative revisions which became effective upon the enactment of the 1977 amendments[6] leave unaffected and unimpaired any prior case law that limits reviewability of decisions in compensation claims to those which either "grant or deny an award" or "otherwise effect a final determination" of rights. The order sought to be reviewed must hence be treated as a non-reviewable interlocutory disposition and the proceeding before us regarded as having been prematurely brought.[7]

■ The attributes of prematurity are not altered by the employer's claim that the panel's remand—tendered here for review—is "void" because it may have granted overbroad and excessive relief or because it may fail to comply with the requirements of the 1977 amendments in that it does not recite that the trial judge's award was either "against the clear weight of the evidence or contrary to law".[8]

■ Reviewability does not depend on the efficacy of the disposition tendered for corrective relief in this court. Judicial misapplication or misuse of law or power—no matter how apparent or eggregious—does not *ipso facto* confer upon the aggrieved party the right of review. Rather, error is reviewable only when committed in the course of proceedings that are an incident of, or culminate in, some decision which is statutorily defined as a fit subject for corrective process in this court.[9] The errors

---

1. Oklahoma Session Laws 1939, Chap. 72, Article 2, §§ 2 and 3 at pgs. 580–583. These provisions, which amended O.S. 1931 §§ 13363 and 13384, were later carried into the 1941 compilation as 85 O.S. 1941 §§ 29 and 77, subdiv. 9.

2. From 1939 to 1959 this tribunal was known as the State Industrial Commission sitting in banc. Between 1959 and 1978 the identical forum was called the State Industrial Court en banc. 85 O.S.Supp. 1959 § 91(a). The institution was abolished with the creation of the Workers' Compensation Court effective July 1, 1978. Okla.Sess.Laws 1977, Chap. 234, §§ 61 and 64, at pgs. 628, 629. It stands replaced by the three-judge appellate panels. 85 O.S.Supp. 1977 § 3.6A.

3. *Hughes Motor Co. et al. v. Warner et al.,* 187 Okl. 255, 102 P.2d 594, 595 [1940]; *Reid v. Phillips Petroleum Co.,* Okl., 531 P.2d 340, 341 [1975].

4. *McCallum & Forber v. Owens,* 184 Okl. 66, 85 P.2d 411 [1938]; *Reid v. Phillips Petroleum Co.,* supra note 3 at 341.

5. *Kansas Explorations, Inc. v. Blaine et al.,* 195 Okl. 428, 158 P.2d 907 [1945]; *Armour & Co. v.*

*Moore,* 206 Okl. 72, 240 P.2d 1113 [1952]; *Anchor Stone & Materials Co. v. Terry,* 207 Okl. 690, 252 P.2d 443 [1953]; *Vieth v. Cook,* Okl., 306 P.2d 1110 [1957]; and *Reid v. Phillips Petroleum Co.,* supra note 3 at 341.

6. 85 O.S.Supp. 1977 §§ 1 et seq.

7. *Hughes Motor Co. et al. v. Warner et al.,* supra note 3 at 595.

8. Unlike the antecedent institution—the trial tribunal en banc—the statutory three-judge review panel created by the terms of 85 O.S. Supp. 1977 § 3.6A is not vested with power to reverse *any* fact or law resolution of the trial judge. Rather, its authority to alter the trial judge's decision may be exercised *"only* if it [the panel] determines that such decision was against the clear weight of the evidence or contrary to law". 85 O.S.Supp. 1977 § 3.6A. [emphasis ours].

9. *Commerce Bank of Kansas City v. Chadwell,* Okl., 635 P.2d 609, 610 [1981].

sought to be corrected are all incidental to the panel's remand. That decision is not reviewable here.

## THE LEGAL EFFECT OF DISMISSAL

■ The dismissal of this case as prematurely brought will not constitute an affirmance of the panel. The errors now tendered for our consideration shall be available for corrective relief when the aggrieved party will have brought a proceeding from the next disposition in the case which is reviewable by law.[10]

## DISPOSITION

The proceeding is accordingly dismissed as prematurely brought. Because the employer has raised questions with respect to the efficacy of the panel's decision in light of the 1977 amendments to the Workers' Compensation Law, 85 O.S.Supp. 1977 § 1 et seq., we remand the case to the three-judge panel in order to afford that tribunal the opportunity to re-examine its decision's conformity to the provisions of 85 O.S.Supp. 1977 § 3.6 A and to Rule 30(G) of the Workers' Compensation Court.[11] *Sheegog v. Incorporated Town of Lindsay*, 127 Okl. 39, 259 P. 551, 552 [1927].

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS and HARGRAVE, JJ., concur in part and dissent in part.

---

**10.** *Hughes Motor Co. et al. v. Warner et al.,* supra note 3 at 595; *Commerce Bank of Kansas City v. Chadwell,* supra note 3 at 610.

**11.** Rules of the Workers' Compensation Court, 85 O.S.Supp. 1978, Ch. 4, App. 1. Rule 30(G) provides: "A party who does not take an ap-

peal may not assert error in the decision under review and may not ask for any affirmative relief. Any error not asserted in the request for review shall be deemed to have been waived."