**Larry L. FIELD and David K. Petty, Appellees,**

v.

**OKLAHOMA WATER RESOURCES BOARD, Appellant.**

No. 55662.

Supreme Court of Oklahoma.

April 20, 1982.

---

R. Thomas Lay, Gen. Counsel, Oklahoma City, for appellant.

Larry L. Field, David K. Petty, Guymon, for appellees.

HARGRAVE, Justice.

The appellant, Oklahoma Water Resources Board, appeals from a judgment of the District Court of Texas County reversing an administrative determination of the Water Resources Board. That determination listed those individuals possessing a prior ground water right of use under the provisions of 82 O.S.Supp.1972 § 1020.14. The result of the administrative hearing was a determination that plaintiffs, Larry L. Field and David K. Petty, did not possess a prior right to withdraw water from the Ogallala ground water basin in Texas County, dating from, and based upon, their 1970 first use of water and subsequent 1974 permit to withdraw water.

The sole issue presented by this appeal is whether appellees may establish a prior right to withdraw water under 82 O.S.Supp. 1972 § 1020.14 by demonstrating actual prior use without demonstrating compliance with prior legislative provisions to obtain a permit to withdraw water. Appellees were granted a temporary permit in 1974. This appeal concerns only the acquisition of an earlier priority arising from the simple fact of use prior to acquiring the 1974 permit.

The parties agree that this issue presents a previously unresolved question of law.

Appellees' position may be succinctly stated. Prior rights of users of diffuse ground water were clearly expressed in 82 O.S.Supp.1972 § 1020.14 as follows:

"Nothing in this act shall be construed to deprive any person of any right to the use of ground water in such quantities and amounts _as were used_ or were entitled to be used prior to the enactment hereof. Any person having the right to place ground water to beneficial use prior to the effective date of this act shall have the right to bring his use under the provisions of this act." (Emphasis added.)

Plaintiffs contend the underlined portion of the statute validates priorities based on the simple fact of actual use. The appellees, plaintiffs, contend this language recognizes the fact that:

"hundreds of irrigation wells ... had been drilled and used without the owners first having obtained permits from the defendant. The legislature did not intend to penalize these persons by the enactment of the 1972 Act. The words 'as were used ... prior to the enactment' unequivocally express the legislature's intent to protect those rights acquired by plaintiffs by their use prior to the 1972 act. It is respectfully submitted that they did. Nothing in the pre-1972 ground water law prohibited the drilling of a well and taking of ground water for irrigation purposes without having first obtained a permit." ... "The law of the State of Oklahoma in effect prior to the 1972 act did in fact establish a precedent of allowing a landowner's priority to date back to the actual taking of ground water for beneficial use. 82 O.S.1971 § 1005. In addition, the Oklahoma statutes in effect prior to the 1972 act did not restrict or prohibit the priority from dating back to the date of placing to beneficial use ... 82 O.S.1971 § 1006...."

The provisions of 82 O.S.Supp.1972 § 1020.14 have been quoted above. That statute allows preservation of rights to use ground water acquired under previous enactment of the Oklahoma ground water law. For purposes of this appeal we conclude that a priority of water use is one of the rights encompassed in the phrase "any right to the use of ground water." It must be noted, however, that a permit to use, and a priority of use, are distinct concepts. The enactment providing for priority of water usage in force at the time plaintiffs claim their priority originated was 82 O.S.1961 § 1005. It remained unchanged until the 1972 act. The first paragraph we deem dispositive:

"Priority of claims for the appropriation of ground water except as hereinafter provided, shall be determined by priority in time. All claims based upon actual taking of ground water for beneficial use prior to the effective date of this act shall relate back to the date of plac-

ing ground water to beneficial use and all claims for the beneficial use of ground water initiated after the effective date of the act *shall relate back to the filing of an application with the Board.*" (Emphasis added.) [1]

■ It is apparent the plaintiffs' claim to a priority, arising in 1970, comes under the provision of claims arising after the effective date of this act. Under 82 O.S.1961 § 1005, the plaintiffs could establish a priority relating back to the filing of an application for a permit. Admittedly, plaintiffs filed an application only in 1974. Thus, under the express command of the legislative provision in force at the time, plaintiff could not base a priority on simple utilization of water absent filing an application for a permit.

■ Assuming the 1972 act, 82 O.S.Supp. 1972 § 1020.1 et seq., § 1020.14, express the legislature's intent to protect rights acquired by plaintiffs' use under the prior act, it must still remain that use initiated under the preceding act before application for a permit did not preserve a priority.

The last point made by appellees refers to the provision of 82 O.S.Supp.1972 § 1020.14 where the following is found:

"Nothing in this act shall be construed to deprive any person of any right to use of ground water in such quantities and amounts *as were used* or were entitled to be used prior to the enactment hereof...."

■ Plaintiffs contend the phrase "entitled to be used" refers to authorized use under prior acts, and the phrase "as were used" validates all actual prior uses whether authorized under prior acts or otherwise. To accept such a contention would, in effect, render all ground water regulation during the previous twenty-three years a nullity. All ground water users would stand on an equal footing under the 1972 act insofar as perpetuating their prior usage. Indeed, the water user holding a permit would find that very permit to be disadvantageous. The permit holder's water us-

1. See also 82 O.S.1971 § 1006.

age allocation would have been limited by factors of safe rates of withdrawal, etc., 82 O.S.1961 § 1013, and thus the priority under the new act would be limited by that amount. On the contrary, the party withdrawing water without a permit would not be limited in amount taken and thus under the 1972 act he could perpetuate the priority to any amount of water previously withdrawn even though that amount was excessive. A more reasonable interpretation of the phrase "as were used or were entitled to be used" found in 82 O.S.Supp.1972 § 1020.-14 is that the provision "as were used" refers to as were used under permit or were entitled to be used under permit. The necessity for the alternative provision is demonstrated by the fact that under the preceding act, specifically, 82 O.S.1961 § 1013, a permit to withdraw water did not, in and of itself, perpetuate a priority. In addition to acquisition of a permit, the water user must, of necessity, actually place the water to beneficial use within five years. Thus the statute, 82 O.S.Supp.1972 § 1020.14, expressly saves priorities acquired under the prior law's permit in the absence of actual beneficial use for the periods in which a priority could be maintained in the absence of beneficial use under the prior statute. (82 O.S.1961 § 1005.)

Accordingly, the trial court's judgment confirming the priority of plaintiffs' water usage based upon actual use without a permit is REVERSED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, OPALA and WILSON, JJ., concur.

DOOLIN, J., dissents.

DOOLIN, Justice, dissenting:

The vice of majority in today's opinion is that it weakens the fundamental basis or concept of *prior appropriation* by a beneficial user. The majority substitutes a jungle or maze of technicalities and procedural pitfalls for a simple rule of prior appropriation.

In *Bowles v. City of Enid*, 206 Okl. 611, 245 P.2d 730, 732 (1957), this Court properly observed the basis for the rule of prior appropriation:

"It must be assumed our adoption of the reasonable use therein (appropriation for a beneficial use), as applied to under ground waters was based upon the peculiar physical conditions of *our* state. Certain areas may be termed wet; others are termed dry or semiarid. In portions of the state there are few or no rivers and the smaller streams in dry seasons fail to produce running water . . ." (Emphasis and parenthetical phrase supplied).

I do not think the Legislature of this state in adopting even a limited appropriation doctrine as to waters here concerned, intended to remove or destroy the keystone from the arch of appropriation—the right of a *prior appropriator to claim* or put water to a beneficial use. See 82 O.S.Supp. 1972, § 1020.14.

I would affirm the trial court.