**MOBIL OIL CORPORATION, a New York Corporation, Appellee,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA WATER RESOURCES BOARD, Appellant.**

**No. 56364.**

Supreme Court of Oklahoma.

Dec. 6, 1983.

Sid M. Groom, Jr., Ames, Daugherty, Black, Ashabranner, Rogers & Fowler, Attys., Edmond, John E. Robertson, Gen. Atty., Mobil Oil Corp., Denver, Colo., for appellee.

R. Thomas Lay, General Counsel, Oklahoma Water Resources Board, Oklahoma City, for appellant.

WILSON, Justice.

The appellant, Oklahoma Water Resources Board, appeals from a judgment of the District Court of Texas County reversing an administrative determination denying Mobil's claim for a prior ground water right. The Water Resources Board had denied Mobil's claim on the basis that Mobil had made no prior application and had no permit approving its prior ground water use. Mobil cross-appeals challenging the District Court's order remanding the cause to the Water Resources Board for the taking of additional evidence as to whether the use of fresh water for enhanced oil and gas recovery is a reasonable and beneficial use not constituting waste.

Mobil claims it possessed a prior ground water right for 2,973 acre-feet of ground water from beneath 1,696 of leased surface acres. Mobil sought to establish its priority by showing it had initiated a beneficial use of this water for secondary oil recovery commencing in May, 1965, and continuing through May, 1973. It is undisputed that Mobil had never made application nor was granted a permit to use water from this source during that time.

As a result of administrative proceedings held to determine ground water rights in the Ogallala fresh ground water basin in Texas County, the Board entered a final order determining that Mobil had not established a priority. Mobil contended below and on appeal that its priority arises from its actual use which was initiated prior to the enactment of the 1972 ground water laws. It urges that under 82 O.S.Supp.1972, § 1020.14, its actual use preserved a priority. That statute provides:

"Nothing in this act shall be construed to deprive any person of any right to the use of ground water in such quantities and amounts as were used or were entitled to be used prior to the enactment hereof. Any person having the right to place ground water to beneficial use prior to the effective date of this act shall have the right to bring his use under the provisions of this act."

This statute clearly preserves rights to use of ground water acquired under pre-1972 ground water law. In *Fields v. Oklahoma Water Resources Bd.*, 645 P.2d 511 (Okl.1982), we held that a prior right to withdraw water under Section 1020.14, *supra*, cannot be established by demonstrating actual prior use without demonstrating compliance with prior legislative provisions to obtain a permit to withdraw water. There we construed the phrase in Section 1020.14 "as were used or were entitled to be used" to refer to ground waters as were used *under permit* or were entitled to be used *under permit*. (*Emphasis added.*) Citing 82 O.S.1961, § 1005, we ruled that a water right priority is not preserved on the simple utilization of water absent filing an application for a permit. The issue in the instant case is whether Mobil's claim to a prior right was duly established in compliance with the then existing ground water law. In pertinent part, Section 1005, effective July 5, 1961, provided:

"Priority of claims for the appropriation of ground water except as hereinafter provided, shall be determined by priority in time. All claims based on actual taking of ground water for beneficial use prior to the effective date of this Act shall relate back to the date of placing ground water to beneficial use and *all claims for the beneficial use of ground water initiated after the effective date of this Act shall relate back to the filing of an application with the Board.*" (*Emphasis added.*)

Mobil's claim to a priority, arising in 1965, comes under the provisions of claims arising after the effective date of the Act; therefore it could have established a priority relating back to the filing of an application for a permit, which it did not do.

Additionally, 82 O.S.1961, § 1006, mandated in relevant part:

"In order to establish priority of a claim to appropriate ground water in a ground water basin in which there has

been no court adjudication of existing rights to appropriate ground water, application must be presented to the Board...."

Again, it is undisputed that there had been no court adjudication of the basin and that Mobil failed to make an application.

Mobil also argues that under the ground water law as amended in 1965, that no permit was required where there had been no court adjudication of existing rights in a ground water basin. In support, Mobil cites the first sentence of 82 O.S.Supp.1965, § 1013, which states: "After a court adjudication of existing rights in a ground water basin, as provided in 82 O.S.1961, § 1009 through § 1014, is completed, the remaining ground water subject to appropriation, if any, may be taken only after securing a permit from the Board." Although this sentence was retained in Section 1013, the 1965 amendment to that Section added, *inter alia,* the proviso:

"... Provided that after the effective date hereof that a court adjudication of existing rights in a ground water basin as provided in §§ 1009 to 1015, inclusive, of this Chapter, shall not be a condition precedent to the Board exercising the authority of the provisions of said Sections, as now or hereinafter amended or supplemented."

Mobil's argument that the Section 1013 permit requirement only applied to uses from basins from which there had been a court adjudication of existing rights does not conform to a plain reading of Section 1013; nor to 82 O.S.1971, § 1008, dealing with suits to adjudicate rights, which contains the same proviso.

In the administrative proceedings below the Board correctly found that Mobil did not possess a prior right under 82 O.S.Supp. 1972, § 1020.14.

Under the laws in force at the time, Mobil could not base a priority on actual use absent making application to the Board. The Water Resources Board's determination

of prior rights was not, as the District Court found an excessive exercise of power "vesting" or "divesting" water rights, but was a necessary and proper exercise to determine the *existence* of statutorily recognized and lawfully established priorities to ground water use, intended for the effective implementation of 82 O.S.Supp.1972, § 1020.14. The authorities cited herein being dispositive of the appeals, the District Court's judgment reversing and remanding the Board's order is accordingly reversed, and the order of the Board is affirmed.

BARNES, C.J., and HODGES, LAVENDER and HARGRAVE, JJ., concur.

IRWIN, DOOLIN and OPALA, JJ., dissent.

OPALA, Justice, dissenting:

Although I am not in discord with the views expressed by the court on reaching the merits of this case, I must nonetheless recede from today's pronouncement because this appeal and counter-appeal are both *dismissible* as prematurely brought from a nonterminal ruling in a pending district court proceeding for review of an agency decision.

The appeals are sought to be prosecuted from a district court decision that reverses an agency order [by the Oklahoma Water Resources Board] with directions *"to take additional evidence and determine ...* [when] usage commenced by Mobil, whether or not the use is waste, whether or not the usage is a benefit ial [sic] use, and whether or not the usage is a reasonable use under the law; *and issue findings of fact and conclusions of law regarding the same."* [emphasis added]. The district court's form of disposition chosen for this case is explicitly sanctioned by the provisions of 75 O.S. 1981 § 322(2)—a statutory norm of our Administrative Procedures Act[1] that is applicable to this case.[2] Under the Act *no* appeal lies to this court from a *nonterminal* disposition by the district court. 75 O.S.

1. 75 O.S.1981 § 301 et seq.

2. *Citizens' Action for Safe Energy, Inc. v. Okl. Water Res. Bd.,* Okl.App., 598 P.2d 271, 273 [1979].

1981 § 323.[3] The order sought to be reviewed here *remands* the proceeding to the agency and thus leaves it pending and undetermined. The disposition is clearly *interlocutory.*[4] Its status remains *unaltered* by the trial court's plain error in failing finally to dispose of the case by applying to it the rule announced in *Field*.[5] *Decisional flaws do not operate to confer appellate jurisdiction. Errors, however egregious; cases, no matter how badly mishandled; rulings, even if patently wrong, are not reviewable on appeal. Corrective relief* in this state is confined to judicial dispositions statutorily defined as appealable. Appellate courts are powerless to grant dispensation from legislatively imposed jurisdictional requirements.[6]

I would hence dismiss as premature both the agency appeal and Mobil's counter-appeal.

I am authorized to state that IRWIN and DOOLIN, JJ., concur in my views.

**3.** The terms of 75 O.S.1981 § 323 provide in pertinent part:
"An aggrieved party, or the agency . . . may secure a review of any *final judgment* of a district . . . court under this act by appeal to the Supreme Court." [emphasis added]
"A *judgment* is the final determination of the rights of the parties in an action." 12 O.S.1981 § 681. [emphasis added]

**4.** See authorities cited in *Tulsa Area Hospital Council v. Oral Roberts,* Okl., 626 P.2d 316, 322 [1981] (Opala, J., dissenting).

**5.** *Field v. Oklahoma Water Resources Board,* Okl., 645 P.2d 511 [1982]. The decision under review in *Field* was clearly terminal. It confirmed "the priority of plaintiffs' water usage based upon actual use without a permit . . ." *Field,* at 514.

**6.** *Commerce Bank of Kansas City v. Chadwell,* Okl., 635 P.2d 609, 610 [1981]; *Estate of O'Bannon v. Oklahoma Tax Com'n,* Okl., 633 P.2d 741, 742 [1981].