## In the Matter of the DEATH OF Robert Giles STRUNK.

## OKLAHOMA CITY PUBLIC SCHOOLS, OWN RISK, Petitioner,

v.

## Jerri Lynn STRUNK, Respondent.

### No. 76875.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 17, 1991.

James C. Ferguson, Oklahoma City, for petitioner.

W. Jeffrey Dasovich, Oklahoma City, for respondent.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Petitioner, Oklahoma City Public Schools, seeks review of an *Order on Appeal,* issued by a three judge panel of the Workers' Compensation Court. The appeal to the three judge panel was from a trial court order denying death benefits based on a finding there was no causal connection between the deceased's compensable injury and his death. In its order, the three judge panel vacated the trial court's order and remanded with directions as follows:

> Vacated and remanded to the Trial Judge to conduct further hearings pursuant to a finding of compensability.

■ We find the three judge panel's order lacks the requisite finality to invest this Court with jurisdiction. Although the question of appellate jurisdiction was not raised by the parties, it is our duty in each case to examine into jurisdiction, and to dismiss the action when there is none. *Long v. McMahan,* 205 Okl. 696, 241 P.2d 185 (1952).

■ The authority to appeal an "order, decision or award of the (Workers' Compensation) Court" to the Supreme Court, or this Court, is found at 85 O.S.Supp.1986 § 3.6(B). However, it has been the rule since the legislative creation of the three judge panel, or *en banc,* appeal, that review may not be sought from the decision of such tribunal until a "reviewable order" has been rendered. *Hermetics Switch, Inc. v. Sales,* 640 P.2d 963 (Okla.1982).

In *Hermetics,* the Supreme Court held a reviewable order was:

> ... one which makes or denies an award or otherwise constitutes a final determination of the rights of the parties.

Because the matter here was remanded to the trial court "to conduct further hearings", the three judge panel's order could not constitute a "final determination of the rights of the parties". In view of the three judge panel's apparent determination of compensability, we must, however, further consider if such determination equates to making an "award" reviewable on appeal.

While the term, "award", is used repeatedly in our Workers' Compensation Act (Act), 85 O.S.Supp.1990 §§ 1 et seq., it is not defined in the Act, nor do we find it defined in our common law. We may therefore look to other jurisdictions for guidance.

The Supreme Court of Arizona has defined award, as used in Workers' Compensation practice, as a finding or decision of the *amount* of compensation or benefit due an injured employee or the dependents of a deceased employee. *O'Neill v. Martori,* 69 Ariz. 270, 212 P.2d 994 (1949) (emphasis added).

We also find useful as an analogy the holding of the Intermediate Court of Appeals of Hawaii in *Williams v. Kleenco,* 2 Haw.App. 219, 629 P.2d 125 (1981). In *Williams,* as here, there was an intra-agency determination of a right to compensation, with the reviewing Appeals Board ordering the case returned to the Director of Workers' Compensation for a determination of the amount. The Hawaiian Court dismissed an appeal of the order returning the case, finding the Appeals Board order

was not "final" in that the rights of the parties remained undetermined.

The Court of Appeals of Oregon used a similar rule in finding a Workers' Compensation Board order was not final, and accordingly not ripe for appeal, where the order did not determine the rights of the parties so that no further questions could arise before the tribunal hearing the matter. *Chisholm v. State Accident Insurance Fund*, 26 Or.App. 627, 553 P.2d 1083 (1976).

Finally, we note the Act defines "compensation", as "the money allowance payable to an employee as provided for in the Workers' Compensation Act". 85 O.S.Supp.1990 § 3(6). Thus, a finding of compensability is merely a determination of entitlement to some money allowance, which requires an additional determination of amount.

We find the reasoning of our sister courts, when viewed alongside our own statutory framework, persuasive. A finding of "compensability", is not an award, that is, an order of compensation, with the requisite finality to invoke appellate jurisdiction pursuant to 85 O.S.Supp.1986 § 3.6(B).

Petitioner's contention that the three judge panel's order is a nullity—because a previous panel granted excessive relief—does not confer the right of review. Our Supreme Court has held:

... error is reviewable only when committed in the course of proceedings that are an incident of, or culminate in, some decision which is statutorily defined as a fit subject for corrective process ...

*Hermetics Switch, Inc. v. Sales*, 640 P.2d at 965.

This matter is accordingly DISMISSED as prematurely brought.

HUNTER, C.J., and JONES, J., concur.