2006 OK CIV APP 109

**CLAIRE'S STORES, INC., and St. Paul Travelers, Petitioners,**

v.

**Ramona R. JOHNSON, Adecco, Inc., Ins. Co. of the State of Pennsylvania, and the Workers' Compensation Court, Respondents.**

No. 103,175.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2006.

Kevin D. Berry, Kelly M. Greenough, Tulsa, OK, for Petitioners, Claire's Stores and St. Paul Travelers.

Michael D. Antkowiak, Oklahoma City, OK, for Respondents, Adecco and Ins. Co. of Pennsylvania.

John Colbert, Ardmore, OK, for Respondent, Ramona R. Johnson.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Petitioners, Claire's Stores, Inc. and St. Paul Travelers (collectively Claire's), seek review of a Workers' Compensation Court's (WCC) order which Claire's asserts effectively finds Respondent, Ramona R. Johnson (Claimant), sustained a compensable injury while in its employ. We hold that order is not a reviewable order as to Claire's and dismiss the Petition for Review.

¶ 2 Claimant filed her claim for compensation on November 19, 2004, alleging a cumulative trauma injury to her right elbow while working at Respondent, Adecco. She further alleged her date of last exposure was March 24, 2004, the date of her last employment at Adecco. Adecco paid temporary total disability (TTD) benefits and provided Claimant with medical care. Claimant was released to full duty in July 2004 and went to work for Claire's at that time. She worked at Claire's until December 2004. In January 2005, Adecco joined Claire's as a respondent employer to this claim.

¶ 3 At trial, Adecco admitted Claimant sustained a cumulative trauma injury while working for it and that Claimant was in need of additional medical treatment. Adecco, however, argued that the need for such treatment arose wholly from Claimant's employment with Claire's. Adecco also argued any additional TTD should be the responsibility of Claire's because Claimant "self-terminated" from Adecco, was released for full duty and subsequently went to work for Claire's. Claire's denied Claimant sustained any cumulative trauma injury while in its employ.

¶ 4 The trial court found Claimant had sustained a compensable injury, with March 24, 2005, as the date of last injurious exposure. The trial court further found Claimant's TTD was continuing and that she needed medical treatment, with Adecco ordered to bear 80% of the liability and Claire's 20%. Both Adecco and Claire's appealed the trial court's order to a three-judge panel of the WCC.

¶ 5 The three-judge panel modified certain paragraphs of the trial court's order to require that Adecco pay all TTD compensation

and medical costs, including Paragraph 12 which, as modified, states:

THAT pursuant to 85 O.S. § 203, ADECCO INC/INSURANCE COMPANY OF THE STATE OF PENN is ordered to make interim payment of benefits awarded to claimant herein, with the issues of final liability of the parties and insurers, and apportionment, reimbursement, and/or contribution among the parties and insurers reserved for later determination.

¶ 6 Claire's seeks review of the order as modified by the three-judge panel. Adecco has not sought our review. Whether Claimant's injury is compensable, or whether she is entitled to TTD benefits and medical treatment, is not at issue here, but only who will be liable to pay for the benefits and treatment. Because the question of final liability has been expressly reserved by the WCC, this Court issued an order to Claire's to show cause why its Petition for Review should not be dismissed as premature. We have considered Claire's response to that show cause order and are unpersuaded by the arguments raised therein.

¶ 7 We do agree with Claire's assertion that a WCC's order is reviewable if it [1] grants or denies compensation, or [2] "otherwise constitutes a final determination of the rights of the parties." *Houston v. Zebco*, 1991 OK 125, 821 P.2d 367. However, we find that neither of these alternative criteria pertains here. By its express terms, the WCC order directs Adecco to "make *interim* payment of benefits awarded to claimant herein, with the issues of *final* liability of the parties ... reserved for later determination." (Emphasis added). The order itself precludes a finding that it is a "final determination of the rights of the parties." The question then becomes, does the order grant compensation.

¶ 8 In considering the latter question, we find a useful and informative analogy in *Matter of the Death of Strunk*, 1991 OK CIV APP 130, 822 P.2d 1140. In *Strunk*, a three-judge panel vacated the trial court's finding there was no causal connection between the deceased's compensable injury and his death, and remanded the claim to the trial court "to conduct further hearing pursuant to a finding of compensability." The employer sought appellate review. The *Strunk* Court held a finding of compensability, without an order directing payment of a defined amount, was not a reviewable award under 85 O.S. Supp. 1986 § 3.6(B).

¶ 9 Here, the WCC has made, at best, an "interim" determination that Claire's may be determined to be liable on some portion of Claimant's TTD benefits and medical expenses. The determination of "final liability" was expressly reserved for "later determination." The extent of Claire's liability, if any, can only be speculated at this time. The object of requiring finality is to avoid reviewing compensability in one appellate proceeding and the question of the money award in another. If it is adversely affected, Claire's may seek review of the WCC's order at such time as that court makes its final determination regarding the respective liabilities of the parties and orders payment of an award.

¶ 10 Finally, Claire's appears to question the efficacy of the WCC's order because it finds Claimant's "last date of injurious exposure to cumulative trauma" was March 24, 2005, a date on which the record shows she was not employed by either employer. Even an obvious error does not confer the right of review. *Strunk*, 822 P.2d at 1142. Quoting from *Hermetics Switch, Inc. v. Sales*, 1982 OK 12, 640 P.2d 963, *Strunk* notes "error is reviewable only when committed in the course of proceedings that are an incident of, or culminate in, some decision which is statutorily defined as a fit subject for corrective process."

¶ 11 In the absence of a reviewable award or a final determination of the rights of the parties, we find the WCC's order, as it did in *Strunk*, "lacks the requisite finality to invest this Court with jurisdiction." *Strunk*, 822 P.2d at 1141. Claire's Petition for Review is, accordingly, DISMISSED.

BELL, P.J., and ADAMS, J. (sitting by designation), concur.